# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE DUCHARME, ) | |
| ) | |
| ) | |
| Plaintiff ) | Civil Action No. 18-cv-04484-LMA-JVM |
| ) | |
| v. ) | Judge Lance M. Africk |
| ) | Mag. Judge Janis van Meerveld |
| CRESCENT CITY DEJA VU, LLC, ) | |
| MARY SALZER, DOES 1-10, and ) | |
| ABC INSURANCE COMPANIES 1-10, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants Crescent City Deja Vu, LLC and Mary Salzer (collectively, "Defendants") hereby submit this Memorandum in support of their Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff Nicole Ducharme is a former employee of Crescent City Deja Vu, LLC ("Deja Vu"). She filed a complaint against Deja Vu with separate counts alleging violations of Title VII of the Civil Rights Act, the Fair Labor Standards Act ("FLSA"), and the Louisiana Pregnancy Discrimination Law. ("LPDL"). Ducharme has also named Mary Salzer as a defendant, based on her alleged status as "owner and general manager" of Deja Vu.

As set forth below, neither Title VII nor the LPDL allow for claims against individual owners or supervisors, as a matter of law. Moreover, Plaintiff did not exhaust her administrative remedies against Ms. Salzer, as she was not named in the relevant EEOC charge. All claims against Ms. Salzer should therefore be dismissed, with prejudice.

Plaintiff has also named several "unknown" defendants, who she titles "Doe 1-10" and "ABC Insurance Companies 1-10." The Federal Rules of Civil Procedure do not allow for pleading against unknown defendants, and those claims should likewise be dismissed.

## RELEVANT FACTUAL ALLEGATIONS

For the purposes of this motion, the following well-pleaded factual allegations are accepted as true. *Thompson v. City of Waco*, 764 F.3d 500, 502-503 (5th Cir. 2014).[1] However, the legal conclusions which the Complaint draws from those factual allegations are not. *Id.*

The factual allegations relevant to this motion may be recounted briefly. Plaintiff Nicole Ducharme formerly worked as a bartender at the Deja Vu Bar & Grill. [Dkt. #1, ¶ 2, 20]. She alleges that Mary Salzer is "an owner and the general manager of the Deja Vu Bar and Grill." *Id.*, ¶ 17.

In 2017, Ms. Ducharme became pregnant. *Id.*, ¶ 5. Ducharme alleges that Deja Vu terminated her because she underwent an abortion. *Id.*, ¶ 12. She further claims that this termination violates both Title VII and the LPDL. *Id.*, ¶ 12. Plaintiff's claims for violation of Title VII and the LPDL are both pleaded against "All Defendants," i.e., including Ms. Salzer. *See Id.*, ¶¶ 42-53 and ¶¶ 66-71. By contrast, Plaintiff's claim under the FLSA is pleaded only against Crescent City Deja Vu, LLC. *Id.*, ¶¶ 54-65.

## ARGUMENT

### I. MARY SALZER IS NOT LIABLE UNDER TITLE VII

It is black letter law that Title VII applies to *employers*, not individuals. Title VII states

---

[1] Defendants dispute Ms. Ducharme's factual narrative, and are confident that discovery will reflect that the termination was based on the clear video evidence of Ms. Ducharme breaking company rules by drinking alcohol while on the clock and giving free drinks to friends. However, Defendants recognize that factual disputes are not properly before the Court on a motion to dismiss.

that it is an "unlawful employment practice for an *employer* ... to discriminate against any individual ...." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). "Employer," in turn, is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees..." 42 U.S.C. § 2000e(b). Based on this clear statutory language, the Fifth Circuit, like all other circuits, has repeatedly held that a Title VII claim only applies to the plaintiff's actual employer – i.e., the company – and that there is no individual liability under Title VII. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999); *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).

As the Fifth Circuit recognized in *Indest*, it is "settled Fifth Circuit law ... that employees may not be sued for damages in their individual capacities." *Indest*, 164 F.3d at 262. Crescent City Deja Vu LLC, not Mary Salzer, was Ms. Ducharme's "employer." As the Fifth Circuit has held, it is the corporation, as employer, who would be ultimately liable for any discriminatory acts, and "a Title VII suit against an employee is actually a suit against the corporation." *Id*. *Indest* further held that an individual's status as an "officer" of the company was irrelevant for purposes of personal liability, as "a plaintiff does not have an action against both the corporation and its officer in an official capacity." *Id.*, citing *Sims v. Jefferson Downs Racing Assoc., Inc.*, 778 F.2d 1068, 1081 (5th Cir. 1985).

Here, it is undisputed that Crescent City Deja Vu, LLC, was Ms. Ducharme's employer. That entity hired her, employed her, paid her, and issued her W-2 documents. The only allegations in the Complaint related to Ducharme's employer state that "[Ducharme] was hired at Deja Vu Bar & Grill ("Deja Vu") as a bartender in 2015" (Dkt. #1, ¶ 2) and that "Crescent City Deja Vu, L.L.C. ... does business as Deja Vu Bar and Grill in New Orleans, LA." (Dkt. #1, ¶ 19). Plaintiff does not allege that Ms. Salzer was her "employer" under Title VII; nor could she, as that is clearly not the case. The only allegations against Ms. Salzer state that

she was the "owner"[2] and "general manager" of Crescent City Deja Vu, LLC. *Id.*, ¶ 18. But, as the authorities cited above make clear, this is not enough to justify personal liability.

Title VII imposes liability on wrongdoing by "employers." Mary Salzer was not Nicole Ducharme's employer. Ms. Salzer is therefore not personally liable under Title VII as a matter of law. Plaintiff's Title VII claims against Ms. Salzer should therefore be dismissed, with prejudice.

## II.   MARY SALZER IS NOT LIABLE UNDER THE LPDL

Plaintiff's LPDL claim against Ms. Salzer should likewise be dismissed with prejudice. The LPDL, like Title VII, applies only to "employers." La. Rev. Stat. § 23:341(A). This statute defines "employer," in part, as a party who "employs more than twenty-five employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Id.* None of the factual allegations of the Complaint establish that Ms. Salzer qualifies as Ms. Ducharme's employer in any way, much less that she meets the stringent definition of "employer" set forth in the LPDL.

Courts have unanimously held that Louisiana's anti-discrimination law, like Title VII, do not create individual supervisor liability. "[I]t is well established that Louisiana's antidiscrimination law provides no cause of action against individual employees, only against employers." *Thomas v. Tangipahoa Par. Sch. Bd.*, 2015 U.S. Dist. LEXIS 170175, at *12 (E.D. La. Dec. 21, 2015) (collecting cases). *See also Anderson v. Guste Homes*, 2004 U.S. Dist. LEXIS 1491, at *1 (E.D. La. Feb. 4, 2004) (dismissing individual claims under both Title VII and Louisiana law); *Weathers v. Marshalls of MA, Inc.*, 2002 U.S. Dist. LEXIS 14333, at *5 (E.D. La. July 31, 2002) (same). As Louisiana courts have recognized, the state anti-discrimination statutes are based on federal law, and it is appropriate (in the absence of some

---

2   This is also untrue, as Ms. Salzer is not a member of the LLC. Defendants recognize, however, that this motion is constrained by the allegations of the Complaint.

clear statutory distinction) to consider federal jurisprudence when interpreting state anti-discrimination law. *Sears v. Home Depot USA, Inc.*, 2006-0201 (La. App. 4 Cir. 10/18/06) 943 So. 2d 1219, 1229; *Plummer v. Marriott Corp.*, 94-2025 (La. App. 4 Cir. 4/26/95), 654 So. 2d 843, 848. Thus, the Fifth Circuit cases cited above, holding that there is no individual liability under Title VII, are likewise applicable to the LPDL claim. Plaintiff's LPDL claim against Ms. Salzer should therefore be dismissed with prejudice.

## III. PLAINTIFF DID NOT EXHAUST ADMINISTRATIVE REMEDIES AGAINST MARY SALZER

Plaintiff has likewise failed to exhaust mandatory administrative remedies against Ms. Salzer. Title VII requires a would-be plaintiff to first exhaust administrative remedies by filing a timely charge with the EEOC and receiving a statutory notice of right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). Filing a proper EEOC charge is "is a precondition to filing suit in district court." *Dao*, 96 F.3d at 789.

The sole respondent named in Ms. Ducharme's EEOC charge was "Deja Vu Restaurant and Bar." (*See* Ex. A).[3] The charge does not name Ms. Salzer as a respondent. Nothing in this charge suggests that Ms. Ducharme believed that Ms. Salzer was her employer, or that she sought to pursue remedies against Ms. Salzer, individually. The Fifth Circuit has held that the failure to name a party in an EEOC charge is fatal to a later lawsuit. *Cornish v. Tex. Bd. of Criminal Justice*, 141 F. App'x 298, 300 (5th Cir. 2005).

---

3 The EEOC charge is attached as Exhibit A to this Memorandum. Documents may be considered on a motion to dismiss if they are referred to in the plaintiff's complaint and are central to her claim. *Phillips v. Starwood Hotels & Resorts Worldwide, Inc.*, 2013 U.S. Dist. LEXIS 146128, * 4 (E.D. La. Oct. 9, 2013) (considering contents of EEOC charge on motion to dismiss). Here, the EEOC charge is referred to in the operative complaint (Dkt. 1, ¶ 41) and is central to plaintiff's claim since exhaustion of administrative remedies is a prerequisite to filing this claim. *Id.* (*citing Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489 (5th Cir. 2010)).

The same result holds under Louisiana law. La. Rev. Stat. 23 § 23:303(c) requires an aggrieved employee to give thirty days' notice prior to filing an anti-discrimination lawsuit under Louisiana law. An EEOC charge is sufficient to provide this notice. *Mayes v. Office Depot, Inc.*, 292 F. Supp. 2d 878, 889 (W.D. La. 2003) (collecting cases). However, the scope of the state law claim must be limited to the alleged discrimination detailed in the EEOC charge. *Id*. Because Ms. Salzer was not named as a respondent in the EEOC charge, there was no thirty days' notice as required under Louisiana law.

Plaintiff's claims against Ms Salzer should therefore be dismissed for failure to exhaust mandatory presuit remedies, under both federal and state law.

## IV.  PLAINTIFF CANNOT PURSUE CLAIMS AGAINST UNNAMED DEFENDANTS

Finally, plaintiff has named as putative defendants "Does 1-10" and "ABC Insurance Companies 1-10." This style of pleading is common in some state courts, but "Doe pleading is improper in federal court." *Graziose v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001) (*quoting Bogan v. Keene Corp.*, 852 F.2d 1238, 1239 (9th Cir. 1988)). No provision of the Federal Rules of Civil Procedure allows a party to name Doe defendants. Instead, if new parties are identified after a lawsuit has been filed, plaintiff may file a motion to amend under Rule 15. *Id*. *Accord*, *Fisher v. Kealoha*, 869 F. Supp. 2d 1203, 1213 (D. Haw. 2012). The Court should therefore dismiss the claims against the improperly-named "Doe" and "ABC" defendants.

## CONCLUSION

Wherefore, this Motion to Dismiss should be granted, and all claims against Defendants Mary Salzer, Does 1-10, and ABC Insurance Companies 1-10 should be dismissed with prejudice.

Respectfully Submitted,

*/s Charles J. Stiegler*
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

**Certificate of Service**

I hereby certify that, on this 9th day of July 2018, I filed the foregoing document and all Exhibits thereto via the ECF system, which gives notice of the filing to all counsel of record.

*/s Charles  J. Stiegler*
Charles J. Stiegler