IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE DUCHARME,                           ) | |
|        Plaintiff                           ) | Civil Action No. 18-cv-04484-LMA-JVM |
|   v.                                                  ) | Judge Lance M. Africk |
|                                                                ) | Mag. Judge Janis van Meerveld |
| CRESCENT CITY DEJA VU, LLC,      ) | |
| MARY SALZER, DOES 1-10, and       ) | |
| ABC INSURANCE COMPANIES 1-10, ) | |
|        Defendants.                 ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Nicole Ducharme filed a Complaint against her former employer, Crescent City Deja Vu, LLC, asserting claims under Title VII of the Civil Rights Act, the Louisiana Pregnancy Discrimination Law, and the Fair Labor Standards Act. Plaintiff's Title VII and Louisiana state law claims were also pleaded against Mary Salzer, Plaintiff's supervisor. Defendants moved to dismiss the claims against Ms. Salzer personally, as neither Title VII nor the Louisiana Pregnancy Discrimination Law allow claims for individual supervisor liability.

Plaintiff's response memorandum admits that the Motion to Dismiss is well-taken, and that there is no legal avenue for personal liability against Ms. Salzer as pleaded in the initial Complaint. (*See* Dkt. #11 at p.3). However, Plaintiff now alleges that Ms. Salzer was her "employer" for purposes of the Fair Labor Standards Act – a claim which is not asserted in the Complaint. *Id*. "An opposition to a motion to dismiss is not the place for a party to raise new factual allegations or assert new claims." *Peter-Takang v. Dep't of Children & Family Servs.*, 2016 U.S. Dist. LEXIS 1508, at *10 (E.D. La. Jan. 5, 2016).

Defendants contend that claims for individual liability against Ms. Salzer are baseless under *any* legal theory. Plaintiff's attempts to join Ms. Salzer as a party into this lawsuit are an unnecessary and unproductive sideshow to the actual disputed issues in this case.

Nevertheless, because Plaintiff has not made a formal Rule 15 motion, the only motion currently before the Court is the Defendants' Motion to Dismiss, which is based solely on the allegations of the original Complaint as filed. That motion to dismiss is effectively unopposed,[1] and should be granted. The individual claims against Mary Salzer, asserted under Title VII of the Civil Rights Act of 1964 and the Louisiana Pregnancy Discrimination Law, should be dismissed with prejudice.

Respectfully Submitted,

*/s Charles J. Stiegler*
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

**Certificate of Service**

I hereby certify that, on this 24th day of July 2018, I filed the foregoing document and all Exhibits thereto via the ECF system, which gives notice of the filing to all counsel of record.

*/s Charles J. Stiegler*
Charles J. Stiegler

---

[1] Plaintiff does oppose the motion to dismiss insofar as it is directed at the "Doe" defendants. (*See* Dkt. #11 at p. 4). Defendants continue to believe that the Doe defendants should be dismissed, for the reasons set forth in their prior memorandum. (*See* Dkt. 9-2 at p. 6).