*Revised January 2017*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

## PRE-TRIAL NOTICE

IT IS ORDERED that A Pre-trial Conference will be held in chambers before Magistrate Judge Janis van Meerveld, Division "1," in accordance with the Scheduling Order in the captioned matter.

The purpose of the Pre-trial Conference is to secure a just and speedy determination of the issues.  If the type of pre-trial order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the formal pre-trial order that will be reviewed and entered at this conference is as follows:

I.

The pre-trial order **must be filed by 5:00 p.m.** on a day that allows two full working days prior to the conference, excluding Saturdays, Sundays and holidays (e.g., if the conference is set for 10:00 a.m. Friday, it must be filed by 5:00 p.m. Tuesday.  If the conference is set on Monday, the pre-trial order must be filed by 5:00 p.m. on Wednesday).  Two hard copies of the pre-trial order must also be provided to the Court at this time.

II.

Counsel for all parties shall confer in person (face to face) or by telephone at their earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of copies of documents that will be offered in evidence at the trial.  It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond.  If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be the duty of that party to communicate immediately with the Court.  The conference of counsel shall be held at least ten days prior to the date of the scheduled Pre-trial Conference in order for counsel for all parties can furnish each other with a statement of the real issues to which each party will offer evidence in support, eliminating any issues that might appear in the pleadings about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party.  Counsel for plaintiff then shall prepare a pre-trial order and submit it to opposing counsel, after which all counsel jointly shall file the final draft of the proposed pre-trial order to the Judge.

1

III.

At their meeting, counsel **must** consider the following:

A.   **Jurisdiction.**   Since jurisdiction may not ever be conferred by consent and since prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make a reasonable effort to ascertain that the Court has jurisdiction.

B.   **Parties.**  Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation or individual d/b/a trade name.

C.  **Joinder.**  Questions of misjoinder or nonjoinder of parties.

IV.

At the Pre-trial Conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court.  Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pre-trial order.  Save your time, the Court's time, and the client's time and money.

V.

The Pre-trial Conference **must** be attended by the lead attorneys who will try the case (**see Local Rule 11.2**), unless prior to the conference the Court grants permission for other counsel to attend.  These attorneys will familiarize themselves with the pre-trial rules, and will come to the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure.

VI.

Pre-trial Conferences will not be continued except for good cause shown in a **written** motion presented sufficiently in advance of the conference for opposing counsel to be notified.

VII.

Failure on the part of counsel to appear at the conference may result in **sanctions**, including but not limited to sua sponte dismissal of the suit, assessment of costs and attorney fees, default or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the Court's attention in the pre-trial order.

**EACH NUMBERED PARAGRAPH IS TO BE PRECEDED
BY A HEADING DESCRIPTIVE OF ITS CONTENT**

IX.

The pre-trial order shall bear the signatures of all counsel at the time it is filed with the Court; the pre-trial order shall contain an appropriate signature space for the Judge. Following the Pre-trial Conference, if the Court approves the order, a signed copy of the order shall be filed into the record, and an additional copy shall be retained in the Judge's work file.  The order shall set forth:

1.      The date of the Pre-trial Conference.

2.      The appearance of counsel identifying the party(s) represented.

3.      A description of the parties, and in cases of insurance carriers, their insured must be identified.  The legal relationships of all parties with reference to the claims, counterclaims, third-party claims and cross claims, etc.

4.      a.      With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim or third-party claim, etc., and, the legal and jurisdictional basis for each such claim, or if contested, the jurisdictional questions;

        b.      In diversity damage suits, there is authority for dismissing the action, either before or after trial, where it appears that the damages reasonably could not come within the jurisdictional limitation.  Therefore, the proposed pre-trial order in such cases shall contain either a stipulation that $75,000 is involved or a listing of the evidence supporting the claim that such sum reasonably could be awarded.

5.      A list and description of any motions pending or contemplated and any special issues appropriate for determination in advance of trial on the merits.  If the Court at any prior hearing has indicated that it would decide certain matters at the time of pre-trial, a brief summary of those matters and the position of each party with respect thereto should be included in the pre-trial order.

6.      A brief summary of the material facts claimed by:
        a. Plaintiff
        b. Defendant
        c. Other parties.

7.      A **single listing** of all uncontested material facts.

3

8.     A **single listing** of the contested issues of fact.  (This does not mean that counsel must **concur** in a statement of the issues; it simply means that they must list in a single list all issues of fact.)  Where applicable, particularities concerning the following fact issues shall be set forth:

    a.     Whenever there is an issue as to the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

    b.     Whenever there is an issue with respect to negligence of the defendant or the contributory or comparative negligence of the plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

    c.     Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

    d.     Whenever the alleged breach of a contractual obligation is an issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

    e.     Whenever the meaning of a contract or other writing is an issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

    f.     Whenever duress or fraud or mistake is an issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake (see Fed. R. Civ. P. 9(b)) shall also be set forth in the pre-trial order;

    g.     If special damages are sought, they shall be itemized with particularity. (See Fed. R. Civ. P. 9(g));

    h.     If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

9.     A **single listing** of the contested issues of law.  (See explanation in 8 above.)

10.    For each party, a list and description of **Bates numbered exhibits** intended to be introduced at the trial and those intended to be used as demonstrative exhibits during the presentation of testimony.  Prior to the confection of the pre-trial order, the parties shall meet and exchange copies of all exhibits.  The parties shall attempt in good faith to agree as to their authenticity and relevancy.

a.      Each list shall note the exhibits that are to be admitted without objection and those to which there will be objection, listing which party or parties make the objection and the nature of the objection.  As to any exhibits to which the parties cannot agree, written objections shall be filed no later than **5:00 p.m. five working days prior to trial.** Each objection must identify the relevant objected-to exhibit by the number assigned to the exhibit in the joint bench book(s) described in Section 10.d below. Written objections must be accompanied by a memorandum containing legal authority in support of each objection.  Responses to objections to exhibits shall be filed no later than **5:00 p.m. three working days before trial.** Responses must contain legal authority pertaining to every objection.

b.      If a party considers it has good cause not to disclose exhibits to be used solely for the purpose of impeachment, it must file a motion for leave to file under seal the proposed impeachment exhibits and a memorandum explaining why they need not be disclosed under Chiasson v. Zapata Gulf Marine Corp., 988 F.2nd 513 (5th Cir. 1993). The deadline for these motions is the same as the pretrial order.

c.      Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct.  If there are such exhibits, the pre-trial order shall state:  The parties shall discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the Pre-trial Conference.

d.      In addition to the formal list of exhibits, counsel shall prepare copies for opposing counsel and a **joint** bench book (or bench books) of **consecutively-numbered tabbed exhibits in a binder not larger than three (3) inches** delivered to the Court **by 5:00 p.m. five working days** prior to trial.  Counsel must submit **two copies** of the joint bench book.  The bench book(s) shall include an index of "unobjected-to" exhibits and an index of "objected-to" exhibits.  The indices shall identify which party will offer each exhibit and which witness(es) will testify regarding each exhibit at trial.  The courtroom is equipped with an evidence presentation system for use with counsel supplied laptops, printed documents, and photographs. This system displays the evidence on unobtrusive flat panel monitors positioned on counsel tables, the witness stand, and throughout the jury box. The court will provide counsel with a demonstration of the equipment upon request by contacting Magistrate Judge van Meerveld's case manager.

e.      Unless otherwise ordered by the Court, only exhibits included on the exhibit list and/or for which memoranda have been filed, shall be included for use at trial.

f.      Each counsel shall submit to the Court on the day of trial a list of exhibits properly marked for identification which he or she desires to use at trial.

11.    a.    A list of all deposition testimony to be offered into evidence.  The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement.  As to all objections to the testimony which cannot be amicably resolved, the parties shall deliver to the Court, no later than **5:00 p.m. five working days** prior to trial, a statement identifying the portions of the deposition testimony objected to, and the ground therefor. **Portions of deposition testimony submitted are to be double spaced and on single sided pages. Electronic versions shall be in uncompressed format as a searchable PDF.**  Proponents and opponents shall furnish the Court appropriate statements of authorities in support of their positions as to the proposed testimony.  Responses to these objections shall be filed no later than **5:00 p.m. three working days** prior to trial.

        b.    In non-jury trials, the parties shall, no later than **5:00 p.m. five working days** prior to trial, file with the Court:

            A summary of what each party intends to prove and convey to the Court by the deposition testimony, including, where appropriate, particular page and line reference to said depositions. The parties shall indicate to the Court by page and line numbers, those parts of the deposition which each party intends to use, and upon which each party shall rely, in proving their respective cases.

12.    a.    A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements or closing arguments.

        b.    Either a stipulation that the parties have no objection to the use of the listed objects for such purpose, or a statement of the objections to their use; and a statement that if other such objects are to be used by any party, they shall be submitted to opposing counsel no later than **5:00 p.m. three working days** prior to trial and, if there is then opposition to their use, the dispute shall be filed with the Court no later than **by 5:00 p.m. two working day**s prior to trial.

13.    a.    A list of witnesses for all parties, including the names, addresses and statement of the general subject matter of their testimony (it is not sufficient to designate the witness simply "fact," "medical" or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

b.     A statement that the witness list was filed in accordance with prior court orders.  No other witness shall be allowed unless agreeable to all parties and their addition does not affect the trial date.  This restriction shall not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated.  Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders.  Expert witnesses whose reports have not been furnished to opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished;

c.     Except for good cause shown, the Court shall not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pre-trial order and prior court orders;

d.     Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness no later than **5:00 p.m. three working days** prior to trial.

14.    A statement indicating whether the case is a jury or non-jury case.

a.     If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified.  In jury cases, add the following provisions:

"Counsel will prepare a **joint statement of the case** which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire.  The statement should not be more than two or three paragraphs.  The statement will be filed with the Court no later than **5:00 p.m. five working days** prior to trial.

Proposed jury instructions are to be filed no later than **5:00 p.m. five working days** prior to trial.  The parties must file **joint jury instructions**.  The parties will meet and confer sufficiently in advance of the required submission date in order to prepare the joint jury instructions.  The instructions must include citations to relevant legal authority.  The instructions should be set forth in the order in which the parties wish to have the instructions read.

In the event that agreement cannot be reached on all jury instructions, counsel shall provide alternate versions with respect to any instruction in dispute.  Each party should note its reasons for putting forth an alternative instruction and the law in support thereof.  Counsel must submit electronic versions (in Word format) to the Court no later than **5:00 p.m. five working days before trial** at the following email address: efile-

7

vanMeerveld@laed.uscourts.gov, and must deliver 2 courtesy copies to Chambers.

A **joint proposed jury verdict form** is to be filed no later than **5:00 p.m. five working days** prior to trial. The parties shall meet and confer in advance of the required submission date in order to prepare the joint proposed jury verdict form. In the event that agreement cannot be reached, the parties shall file (1) separate proposed jury verdict forms; and (2) a joint memorandum explaining the disagreements between the parties as to the proposed jury verdict form.

Any **proposed special voir dire questions** are to be filed by each counsel no later than **5:00 p.m. five working days** prior to trial."

b.     In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are required, unless the Court enters an order that such is not required. Same are to be filed no later than **5:00 p.m. five working days** prior to trial. Counsel shall also deliver **two courtesy copies** of same to Chambers no later than **5:00 p.m. five working days** prior to trial.

c.     In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court. However, any party may in any event file such memoranda no later than **5:00 p.m. five working days** prior to trial and should accomplish this with respect to any anticipated evidentiary problems which require briefing and jury instructions requiring explanation beyond mere citation to authority.

15.     In cases where damages are sought, include a statement for completion by the Court, that "The issue of liability (will or will not) be tried separately from that of quantum." It is the policy of this Court in appropriate cases to try issues of liability and quantum separately. Accordingly, counsel should be prepared to discuss at the Pre-trial Conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16.     A statement describing any other matters that might expedite a disposition of the case.

17.     A statement that trial shall commence on _____, at ____ a.m./p.m. A realistic estimate of the number of trial days is required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given. In addition, the proposed order must contain a sentence including any trial dates and times previously assigned.

18.     The statement that "This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable

opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19.    The statement that "Possibility of settlement of this case was considered."

20.    The proposed pre-trial order must contain appropriate signature spaces for counsel for all parties and the Judge.

    **IT IS FURTHER ORDERED** that the foregoing pre-trial notice be mailed to counsel of record for all parties to these cases, and counsel will comply with the directions set forth herein.

Janis van Meerveld
United States Magistrate Judge

9