# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE DUCHARME, ) | |
| ) | |
| ) | |
| Plaintiff ) | Civil Action No. 18-cv-04484-JVM |
| ) | |
| v. ) | |
| ) | Mag. Judge Janis van Meerveld |
| CRESCENT CITY DEJA VU, LLC, ) | |
| MARY SALZER,  DOES 1-10, and ) | |
| ABC INSURANCE COMPANIES 1-10, ) | |
| ) | |
| Defendants. ) | |

## CRESCENT CITY DEJA VU, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Crescent City Deja Vu, LLC ("CCDV") hereby submits this reply memorandum in support of its motion for judgment on the pleadings.

## I.    Plaintiff Has Not Pleaded the Minimum Number of Employees

Plaintiff concedes, as she must, that both Title VII and the LEDL contain minimum employee requirements: 42 U.S.C. § 2000e(b) (requiring "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.") and La. R.S. § 23:341(A) (similar provision under Louisiana law, but requiring "more than twenty-five" employees). Nor does Plaintiff dispute that this minimum employee requirement is an element of Plaintiff's claim for relief.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).  Plaintiff further concedes, through her silence, that nowhere in her Complaint, or her Amended Complaint, or her proposed Second Amended Complaint, has she pleaded sufficient facts to satisfy this element of her claims.  Judgment on the pleadings is therefore, by definition, appropriate.  Plaintiff's contrary arguments are unavailing.

### A.    Plaintiff Bears the Burden of Pleading Her Case

Plaintiff's first argument is that Defendants have not proven that they have fewer than the

minimum number of employees.  But this fundamentally misunderstands the burden of pleading.  It is the Plaintiff's burden to plead facts sufficient to prove every element of her claim.  *Tate v. La. Dep't of Transp. & Dev.,* 2013 U.S. Dist. LEXIS 28839, at *58 (E.D. La. Mar. 4, 2013) (the Plaintiff has "the burden of alleging sufficient facts to support the essential elements of [the] claim").  The minimum employee limit is an essential element of her claim under both federal and state law.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief"); *Brooks v. Popeye's Inc.*, 11-1086 (La. App. 3 Cir. 3/14/2012) 1010 So. 3d 59, 63, writ denied at 99 So. 3d 676 (La. 11/02/12) (adopting *Arbaugh* rule).  A Defendant is simply required to admit or deny the actual allegations of a complaint, it is not required to affirmatively counter-plead against allegations which the Plaintiff has not even made.

### B.      Neither the Declaration Nor the Schedule Are Admissible on This Motion

Plaintiff's opposition then purports to attach two extrinsic documents – a declaration from Nicole Ducharme, and a copy of a CCDV schedule dated August 28, 2017 – in a belated attempt to establish CCDV's number of employees.  However, with very limited exceptions, a motion for judgment on the pleadings is solely based on the face of the pleadings.  None of those exceptions are applicable here and the Court should not consider either document in deciding this motion.

A motion for judgment on the pleadings is directed at the allegations of the pleadings themselves.  *Jacobsen v. Wyeth, LLC*, 2012 U.S. Dist. LEXIS 116887, at *19 (E.D. La. Aug. 20, 2012) (judgment on the pleadings directed at the "face of the complaint").  A court may review extrinsic documents that are either (1) attached as exhibits to the complaint or (2) "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F. 3d 383, 387 (5th Cir. 2010).[1]  The documents here were not

---

[1]This case arises under Rule 12(b)(6), not Rule 12(c).  However, the legal standards on both motions are essentially identical.  *Jones v. Nueces Cnty.,* 589 F. App'x 682, 684 (5th Cir. 2014).

attached as exhibits to the complaint.  Nor are they "central" to the claim, or even "referenced" in the complaint.  They cannot be considered on this motion.

Ducharme does not allege that her declaration was referenced in the complaint; nor could it have been, as it was not signed until April 16, 2019.  It is therefore not admissible on this motion. "[M]emoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint."  *Smallwood v. New Orleans City*, 2016 U.S. Dist. LEXIS 728, *17 (E.D. La. Jan. 4, 2016) (citing *Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp. 2d 363, 380 (S.D.N.Y. 2012) and *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2003 U.S. Dist. LEXIS 9534 (S.D. Tex. Mar. 27, 2003)).  Moreover, as set forth in Defendants' Reply to the Motion for Summary Judgment, this paragraph of Ducharme's declaration is conclusory and inadmissible, as it is not based on her personal knowledge.

Nor is the August 28, 2017 schedule attached hereto referenced anywhere in the complaint. Plaintiff cites six paragraphs where she claims that her Complaint references the August 2017 schedule, but a review of the pleading itself reveals otherwise.  Instead, Plaintiff seems to claim that any reference to the word "schedule" somehow must refer to this particular schedule.  As explained below, this is not the case – all of these references postdate the schedule attached here, and most of the references are to people being taken "off the schedule" rather than to any particular, concrete schedule:

- Paragraph 7 of the Amended Complaint alleges that, on September 7, 2017, "Ms. Salzer texted Nicole to inform her she was off the schedule." But the schedule here dates from August 2017, and includes Ducharme.

- Paragraph 11 alleges that, on September 10, 2017, Jane Doe "texted Ms. Salzer about the schedule" and Ms. Salzer replied, "You are not on the schedule."  Again, this has nothing to do with the August 2017 schedule referenced here.

- Paragraph 30 repeats the allegation that, on September 7, 2017, Ms. Salzer texted Ducharme to tell her she was off the schedule.

- Paragraph 32 alleges that, in September 2017, Marshall Rudd was told he

was "off the schedule."

- Paragraph 34 alleges that Jane Doe "texted Ms. Salzer to ask about the schedule."

- Paragraph 35 alleges that, in September 2017, "Ms. Salzer texted Jane that she was not on the schedule."

(*See* Dkt. #25).

Even if the Court interpreted the Complaint's use of the word "schedule" as a reference to the CCDV schedule in general, mere passing reference is insufficient to allow Plaintiff to supplement the (already amended) Complaint. Extrinsic evidence must not only be referenced in the Complaint, but must also be "central" to the claim. Use of colloquial language to refer to Plaintiff and others' termination of employment as being "taken off the schedule" does not mean that any schedule which Plaintiff attaches to her opposition magically becomes an intrinsic and central part of the pleading.

More critically, the schedule does not prove what Plaintiff claims it proves. All it shows is a list of individuals' names during a single week in August 2017. Plaintiff claims that there are 26 separate employees listed here, but even that is not true.[2] One, Mary Salzer, is explicitly alleged in the Complaint to be an *employer,* not an employee (*See* Dkt. #25 at ¶ 55). Plaintiff cannot have it both ways. In addition, one of the names listed on the document is Eric Smith, as the IT contact. Mr. Smith is not Defendants' employee, but a consultant who runs his own business.[3] Accordingly, he is not actually listed on the schedule itself; his phone number is at the bottom of the page as the IT contact. An IT consultant is not an "employee" for purposes of Title VII or the LEDL. Thus, even in Plaintiff's best-case scenario, there are not "more than 25" employees on this schedule.

Nor does this schedule establish the "twenty calendar weeks" requirement of Title VII or the

_____

[2]The schedule, standing alone, does not even confirm that any of these individuals are "employees."
[3]*See* attached Decl. Of J. Eric Smith. It is Defendant's position that none of these exhibits are properly before the Court on a motion for Judgment on the Pleadings. However, if the Court were to take the attached schedule into consideration, it should also consider Smith's declaration.

LEDL.  It shows a snapshot of a single calendar week, and does not take into account the possibility that some or all of these employees may have been temporary or seasonal; nor does it account for the transient nature of restaurant workers.  The controlling decision is *Brooks v. Popeye's Inc.*, 11-1086 (La. App. 3 Cir. 3/14/2012) 1010 So. 3d 59, 63, writ denied at 99 So. 3d 676 (La. 11/02/12).  In *Brooks*, the Plaintiff submitted an interrogatory seeking the identity of every employee who was employed at the same store as the plaintiff from December 2006 through August 2007.  *Id.* at 62. Defendant responded by listing 176 employees.  *Id.*  The Court of Appeal held that this was not enough to establish the "more than twenty-five" requirement of the LEDL.  This interrogatory response may have identified the employees who worked at the store at some point during this nine-month period, but "did not establish that [Defendant] employed more than twenty-five employees within the state for any working day during any year."  *Id.* at 63.  Judgment was therefore entered for Defendant, and the Louisiana Supreme Court denied writs.  *Brooks* makes clear that the minimum employee limit is to be applied as written – the plaintiff must show *both* the more than twenty-five employee requirement, and the twenty or more calendar weeks requirement.  Simply showing that the defendant probably employed *about* twenty-five employees, during one week, does not meet this burden.

The Court should further reject Plaintiff's request to file yet another belated Amended Complaint.  Plaintiff has amended her Complaint once, and there is already another Motion to Amend pending, which Defendant will oppose.  However, even if that second motion to amend is granted, Plaintiff's claims would *still* be deficient, as the proposed Second Amended Complaint omits the necessary allegations. The time to amend pleadings has long since passed, and the time for conducting discovery has passed.  The request for leave to amend should be denied.

## II.    Abortion is Not Protected By Title VII or the LEDL

Plaintiff's pregnancy discrimination claims should also be dismissed because abortion is not covered as a protected characteristic by the federal PDA or the state LEDL.  This is a legal argument,

which is set forth in detail in Defendant's moving brief.[4]  This reply will respond to a few of the points which Plaintiff has raised in her opposition.

## A.     Abortion is Not Protected by Title VII

First, Plaintiff alleges that "Defendants cite no controlling case law" for the proposition that abortion is not covered by the PDA.  But neither does Plaintiff.  This legal question is *res nova* both within the federal Fifth Circuit, and under Louisiana law.  With respect to the federal PDA, Plaintiff relies on out-of-circuit caselaw, and legislative history.  With all due respect to the Courts who have found otherwise, the statute simply does not include abortion as a protected class, and legislative history cannot be used to add a new protected class into the statute.

Where, as here, the language of the statute is clear, judicial reference to legislative history is inappropriate.  *Dep't of Hous. v. Rucket*, 535 U.S. 125, 132 (2002).  Further, the legislative history cited by Plaintiff should be afforded no weight.  A report providing notes on the deliberations of the House Committee on Education and Labor does not reflect the intention or understanding of the House as a whole, much less Congress as a whole, and cannot supplant the actual language of the statute.  Abortion is a complicated and controversial topic, but this is a simple question of statutory interpretation. If Congress truly intended to provide a civil right of action against adverse employment actions based on abortion, it would have said so explicitly.

Plaintiff also cites to certain cases where the Fifth Circuit held that particular pregnancy-related medical conditions (such as lactation, or menstruation difficulties) qualified for protection under the PDA.[5]  However, Plaintiff does not, and never has, alleged that Defendant discriminated against her because of any particular "medical condition" which led to her decision to undergo an abortion.[6]

---

[4]Defendants separately assert, as a matter of fact, that Ms. Ducharme's abortion was wholly unrelated to her termination.  If summary judgment is granted on this issue, this argument will be mooted.
[5]*EEOC v. Houston Funding II Ltd.,* 717 F.3d 425 (5th Cir. 2013); *Harper v. Thiokol Chem Corp.*, 619 F.2d 489 (5th Cir. 1980).
[6] Ducharme alleges, without citation to medical evidence, that she suffered from gestational diabetes or

Instead, she alleges that it was the abortion itself that led to her termination.  This is simply not a medical condition, despite Plaintiff's attempt to recast it as one.

### B.    The LEDL Does Not Protect Abortion

Louisiana law is even more clear that abortion is not protected under the LEDL.  Ducharme attempts to brush this point aside by stating that the "legislature has expressed in unrelated contexts that abortion is not the preferred policy of the state."  Dkt. #70 at p. 7.  Nothing could be further from the truth – the Legislature's statement is express, unequivocal, clear, and directly on point:  abortion is contrary to the "longstanding policy of this state."  La. Rev. Stat. § 40:1061.8; La. Rev. Stat. § 40:1061; La. Rev. Stat. § 14:87.  These statutes could not be more clear.  Abortion is contrary to Louisiana public policy, and legal only to the extent that it is permissible under the U.S. Constitution and controlling U.S. Supreme Court precedent.  Plaintiff does not (and cannot) argue that the Constitution, as interpreted by the Supreme Court, *requires* states to create a civil cause of action for employees who believe they have been discriminated against because of abortion.  The creation of such a cause of action would be directly contrary to the express intent of the Louisiana Legislature.

Plaintiff does not even attempt to address the longstanding jurisprudence warning that federal courts should avoid expanding new causes of action under state law.  *TIG Ins. Co. v. Aon Re, Inc*, 521 F.3d 351, 361 (5th Cir. 2008); *Barfield v. Madison Cnty.*, 212 F.3d 269, 272 (5th Cir. 2000); *Johnson v. Sawyer*, 47 F.3d 716, 729 (5th Cir. 1995).  There is no jurisprudence from Louisiana state courts holding that a right for abortion discrimination exists, and if Plaintiff wished to litigate a novel cause of action under state law, she should have filed this lawsuit in state court.

Finally, Plaintiff cites a deposition excerpt in which Mary Salzer affirmatively answered a leading and inappropriate question: "You know it's illegal to fire someone because they're going to have an abortion, correct?"  (Dkt. #70 at p. 8).  Plaintiff includes ellipses in this quote in order to hide

hypertension, but never alleges that CCDV fired her *because* of gestational diabetes or hypertension.

defense counsel's objection that the question improperly sought legal analysis. Salzer is a lay witness with no legal training or experience. It would be absurd to rely on her legal opinion on a question of law, which is properly an issue to be briefed by counsel and ultimately decided by the Court. This argument is nothing more than an attempt to score a cheap rhetorical point and should be ignored.

## CONCLUSION

There are no allegations of fact from which this Court could infer that CCDV meets the minimum statutory thresholds under Title VII or the LEDL, and Plaintiff's asserted exhibits are both inadmissible and insufficient to prove this point. In addition, abortion is not a protected characteristic under state or federal law. Plaintiff's pregnancy discrimination claims must be dismissed.

Respectfully Submitted,

*/s Charles J. Stiegler*
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

and

RENEE G. CULOTTA (24436)
ELSPETH L. DOSKEY (37997)
FRILOT, LLC
1100 Poydras Street
3800 Energy Centre
New Orleans, LA  70163
Telephone:  (504) 599-8000
Facsimile:   (504) 599-8100
rculotta@frilot.com
edoskey@frilot.com

*Counsel for Defendants*