IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NICOLE DUCHARME, | ) |
|     Plaintiff | ) Civil Action No. 18-cv-04484-JVM |
| v. | ) |
| | ) Mag. Judge Janis van Meerveld |
| CRESCENT CITY DEJA VU, LLC, ET AL. | ) |
|     Defendants. | ) |

## RESPONSE TO ADDITIONAL MATERIAL FACTS

Defendants Crescent City Deja Vu, LLC ("CCDV") and Mary Salzer hereby submit this response to the alleged additional material facts by Plaintiff Nicole Ducharme. (Dkt. #68-1).

**Plaintiff's Material Fact No. 47:** Employees at Deja Vu who did not have abortions would drink on the job, and were not fired

**Response**: This does not create a disputed fact because Plaintiff does not identify a single individual who she alleges drank on the job, and was not fired. CCDV has produced evidence of numerous employees who were terminated for drinking or being impaired on the job.

**Plaintiff's Material Fact No. 48:** Bartenders at Deja Vu have to do a number of untipped activities. They have to clean the bar, restock things like cups, napkins, straws, make garnishes from lemons and limes, get orange juice from the back and put it into pour cups, take deliveries from liquor companies, count the cash register, pay out video poker winnings, writing checks to purveyors, etc.

**Response**: This statement contradicts Plaintiff's own deposition testimony and should be stricken pursuant to the sham affidavit rule. *See Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380 (5th Cir. 2000). Defendants also object that several of these tasks do not qualify as "untipped" activities as they are inextricably and directly linked to a bartender's duties.

**Plaintiff's Material Fact No. 48:** When Mary wasn't there, the bartender was also the manager on

duty. When that was the case, I had to make sure that people turn in their money and count the poker drawer, poker payouts, stuff like that.

**Response**: Disputed that Plaintiff was a "manager" at CCDV, although this is not a material fact to any issue in this motion. Undisputed that Plaintiff would sometimes check to see if other employees turned in money, or assist with poker payouts, although these are not material facts. Defendants cannot possibly respond to the phrase "stuff like that."

**Plaintiff's Material Fact No. 49:** Bartenders' untipped activities take up more than 12 minutes out of every hour.

**Response**: This statement contradicts Plaintiff's own deposition testimony and should be stricken pursuant to the sham affidavit rule. *See Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380 (5th Cir. 2000).

**Plaintiff's Material Fact No. 50:** Ms. Salzer fired Nicole on the day of her abortion procedure, and fired Semilla within a day of her abortion procedure.

**Response**: Undisputed based on Plaintiff's testimony, although neither Ducharme nor Anderson have produced medical documentation regarding their abortions.

**Plaintiff's Material Fact No. 50:** Nothing in Defendants' handbook or posters says that tipped employees at Deja Vu have to retain their tips.

**Response:** The referenced documents speak for themselves, and their content is undisputed. Defendants object that this misstates the law; there is no requirement that employees "have to" retain their tips – they are free to do whatever they want with their tips, as CCDV does not control that.

    Respectfully Submitted,

    */s Charles J. Stiegler*
    Charles J. Stiegler, #33456 (TA)
    STIEGLER LAW FIRM LLC
    318 Harrison Ave., Suite 104
    New Orleans, La. 70124

(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

and

RENEE G. CULOTTA (24436)
ELSPETH L. DOSKEY (37997)
FRILOT, LLC
1100 Poydras Street
3800 Energy Centre
New Orleans, LA  70163
Telephone:  (504) 599-8000
Facsimile:   (504) 599-8100
rculotta@frilot.com
edoskey@frilot.com

*Counsel for Defendants*